(C.D. 4250)

REVLIS TRADING CO. HOYT, SHEPSTON & SCIARONI } *v.* UNITED STATES

United States Customs Court, First Division

(Decided August 11, 1971)

*Glad & Tuttle* (*Hudson F. Edwards* of counsel) for the plaintiffs.

*L. Patrick Gray, III*, Assistant Attorney General (*Mollie Strum*, trial attorney), for the defendant.

Before WATSON, MALETZ and RE, Judges

WATSON, Judge: This protest places in issue the classification of certain merchandise described as "dog tie-out and runner chain" con-

sisting of lengths of chain with clips at both ends. The merchandise was classified pursuant to the provision for dog leashes, collars, muzzles, harnesses and similar dog equipment in item 790.10 of the Tariff Schedules of the United States and assessed with duty at the rate of 12% ad valorem.[1] Plaintiffs claim that the merchandise is properly classifiable pursuant to item 652.24 of said tariff schedules as "Chains and chains, * * *: Of iron or steel: * * * Under $\frac{5}{16}$ inch in diameter," and dutiable at the rate of 1.7 cent per pound.

The testimony herein supports the presumption inherent in the classification that the importation is chiefly used as a piece of dog equipment. In this use, one end is attached to a stake and the other to the dog collar, permitting the dog a certain freedom of movement within a circumscribed area.

The importation herein closely resembles that which was the subject of *Marmax Trading Corp.* v. *United States*, 65 Cust. Ct. 142, C.D. 4068 (1970). The only difference worth mentioning between the two chains is that the importation in *Marmax Trading Corp.* v. *United States, supra,* has a swivel joint in the middle. This feature does not, however, distinguish the two with regard to nature, function and use.

In the *Marmax* case, the court noted "that the classification of this merchandise pursuant to the above item 790.10, carried with it the presumption that it is chiefly used for such purposes, in this case, evidently as dog leashes or similar dog equipment." This continues to be the understanding of the court and we see no reason from the arguments herein to depart from that position.

In *Marmax Trading Corp.* v. *United States, supra,* we found that the provision for similar dog equipment was a use provision and hence described the importation more specifically than any *eo nomine* provision for chains. Plaintiffs' contention herein that the provision for similar dog equipment is not a use provision flies in the face of the plain meaning and clear interpretation of this provision. Nor is there anything in the legislative history of the chain provision to indicate that its scope is intended to be greater than that of a use provision. In point of fact, the reverse is true since the Tariff Classification Study in the schedule 7, part 13, explanatory notes relating to item 790.10, indicates that "[d]og leashes and equipment are made of leather and also in significant quantities of other materials. A single rate description simplifies the tariff treatment by avoiding the necessity for determining the component materials of chief value in these articles." Further on, the explanatory notes mention that "[m]etal dog

---

[1] We note that the entry herein was liquidated less than 60 days after appraisement. The liquidation, however, is valid in the absence of a duly filed appeal for reappraisement by either party. *John V. Carr & Son, Inc.* v. *United States,* 66 Cust. Ct. 316, C.D. 4209 (1971).

chains are dutiable under paragraph 397, principally at the rate of 19% ad valorem." Although this latter reference may relate specifically to the chain dog collars which were the subject of *E. Schoemann & Mayer* v. *United States*, 11 Cust. Ct. 1, C.D. 780 (1943), it, together with the general tenor of the explanatory headnotes, confirms our first analysis of the generally broad scope of the use provision for dog equipment. We see no reason to depart from finding that this use provision is more specific than the *eo nomine* provision for chains.

In light of the above, we find that the importations were properly classified pursuant to the provision for dog equipment under item 790.10 of the Tariff Schedules of the United States and were correctly assessed with duty at the rate of 12 per centum ad valorem.

Judgment will issue accordingly.